# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PAUL DIXON LEWIS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>QUENTIN BYRNE, Warden,<br><br>　　　　Respondent. | Case No. CV 18-8104 CJC (MRW)<br><br>**ORDER DISMISSING SUCCESSIVE HABEAS ACTION** |

　　The Court summarily dismisses this action – Petitioner's <u>fifth</u> in this district court – pursuant to the successive habeas petition rule under 28 U.S.C. §§ 2243 and 2244.

* * *

　　1.　Petitioner is a state prisoner. He seeks to challenge the lengthy sentence he received for his 1990 convictions for rape and kidnapping.

　　2.　Petitioner previously sought habeas relief in this Court regarding his conviction and sentence on four occasions.

　　　　•　<u>Lewis v. Woodward</u>, No. CV 05-3792 CJC (MAN) (C.D. Cal.). The Court dismissed Petitioner's first habeas petition

as untimely under federal law. The Court of Appeals for the Ninth Circuit denied a certificate of appealability. (Docket # 37.)

- Lewis v. Byrne, No. CV 17-3957 CJC (MRW) (C.D. Cal.). The Court dismissed the action based on Petitioner's failure to update the Court with his address when mail sent to his prison address (regarding the successive nature of the action) was returned as undeliverable. The Ninth Circuit summarily affirmed the dismissal, finding that "the questions raised in [Petitioner's] appeal are so insubstantial as not to require further argument." (Docket # 26.)

- Lewis v. Byrne, No. CV 17-6412 CJC (MRW) (C.D. Cal.). The Court dismissed Petitioner's third habeas action as successive, procedurally barred, and untimely under AEDPA. The Court of Appeals for the Ninth Circuit denied a certificate of appealability. (Docket # 9.)

- Lewis v. CRC Warden, No. CV 18-6937 CJC (MRW) (C.D. Cal.) Petitioner styled his fourth action as a civil rights case. However, the Court construed the substance of the claim as a habeas challenge to his criminal sentence. The case was dismissed as successive. Petitioner did not seek appellate review of the dismissal.

3. Several days after the dismissal of his fourth federal action, Petitioner commenced the current habeas case. As in his other federal actions, Petitioner contends that he was improperly sentenced in the 1990s for his criminal convictions. The petition was not accompanied by a certificate from

the Ninth Circuit authorizing a successive habeas action pursuant to 28 U.S.C. § 2244(b).

4. The Court (Magistrate Judge Wilner) issued an order again informing Petitioner of the operation of the successive petition rule under AEDPA. (Docket # 4.) The Court reminded Petitioner of his obligation to obtain permission from the Ninth Circuit before filing a new habeas action. The Court offered Petitioner an opportunity to explain why the case should not be dismissed as successive.

5. Petitioner submitted a brief response. (Docket # 6.) Petitioner failed to address the successive petition issue. Instead, he explained that he relied on the assistance of another inmate in re-presenting his sentencing challenge in federal court.

\* \* \*

6. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

7. Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action. "Before a second or successive [habeas petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

8. A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition <u>before</u> the new petition may be filed in district court. <u>Id.</u>; <u>Burton v. Stewart</u>, 549 U.S. 147, 156 (2007) (district court without jurisdiction to consider successive habeas action when prisoner "neither sought nor received authorization from the Court of Appeals before filing").

9. "If the petition is second or successive, then the district court lacks jurisdiction and must dismiss the petition unless and until the court of appeals grants an application to file it." <u>Brown v. Muniz</u>, 889 F.3d 661, 667, 676 (9th Cir. 2018) ("petitioner's burden is higher" under statute to bring successive habeas action); <u>Prince v. Lizzaraga</u>, 733 F. App'x 382, 384 (9th Cir. 2018) (prisoner "must first apply to this court for permission to have his petition heard in the district court").

10. A dismissal of a habeas action "for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA," thereby requiring appellate court permission for the new filing. <u>McNabb v. Yates</u>, 576 F.3d 1028, 1030 (9th Cir. 2009); <u>Remsen v. Attorney General</u>, 471 F. App'x 571 (9th Cir. 2012) (same).

\* \* \*

11. Petitioner's fifth habeas action is subject to summary dismissal. The current petition challenges the same rape sentence that was the subject of his earlier habeas actions. The first action was denied as untimely. (CV 05-3792.) Petitioner's next three habeas actions (CV 17-3957, CV 17-6412, CV 18-6937) were dismissed for various procedural reasons, including the successive nature of those actions. Notably, Petitioner failed to obtain permission from the federal appellate court to file any of those subsequent actions in this district court.

12. Those defects make the current action successive, too. McNabb, 576 F.3d at 1030. Petitioner presents no proof that he asked for or received permission from the Ninth Circuit to pursue another successive action. On this basis, the current petition is subject to summary dismissal. 28 U.S.C. § 2244(b); Brown, 889 F.3d at 667; Prince, 733 F. App'x at 384.

\* \* \*

Because the Court does not have jurisdiction to consider Petitioner's claim, the action is DISMISSED without prejudice as successive.

IT IS SO ORDERED.

Dated: October 16, 2018

_____
HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE